UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBIN MARIE SMITH,<br>    *Plaintiff*, | §<br>§<br>§ |
| v. | § CIVIL ACTION NO. 4:25-CV-3345 |
| | § |
| FREEDOM MORTGAGE CORPORATION,<br>    *Defendant*. | §<br>§<br>§ |

## MEMORANDUM AND RECOMMENDATION

On July 18, 2025, Plaintiff, appearing pro se, filed an Original Complaint asserting claims under the Real Estate Settlement Procedures Act (RESPA), Fair Debt Collection Act (FDCPA), and state law against Defendant Freedom Mortgage Corporation. ECF 1. The clerk issued a summons for Defendant and delivered it to Plaintiff for service. ECF 2. On November 17, 2025, the district judge dismissed the case without prejudice because the record did not reflect that Plaintiff had served Defendant within 90 days of filing her Complaint as required by Federal Rule of Civil Procedure 4(m). ECF 8.

Now before the Court are Plaintiff's Motion for Default Judgment filed on December 9, 2025 (ECF 10), and Motion to Reinstate Case filed on December 11, 2025 (ECF 12).[1] Attached to the Motion for Default Judgment is an Affidavit of

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 13.

Service from a process server attesting that on July 23, 2205 he personally served Mr. Otis King, an employee "authorized to accept for Freedom Mortgage Corporation" at 401 New Jersey Highway 73 30 Lake Center Drive, Marlton, NJ 08053.  ECF 10 at 3.  Attached to the Motion to Reinstate is Plaintiff's Affidavit attesting that her failure to file proof of service and effectively prosecute her case prior to dismissal was due to serious postpartum health complications.  ECF 12-1.

## I.     Motion to Reinstate

The Court considers Plaintiff's Motion to Reinstate under Federal Rule of Civil Procedure 60(b)(1), which permits a party to seek relief from a judgment due to "(1) mistake, inadvertence, surprise, or excusable neglect."  The determination of whether a party is entitled to relief for excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *iiiTec Ltd. v. Weatherford Tech. Holdings, LLC,* No. CV H-19-3386, 2022 WL 138030, at *6 (S.D. Tex. Jan. 14, 2022) (quoting *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)).  The court considers factors such as "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith."  *Id.*

The Court finds good cause to grant Plaintiff relief from the judgment dismissing her case without prejudice. She moved promptly to reinstate after entry of final judgment and she has not demonstrated bad faith or prior dilatory conduct. Plaintiff's health challenges are a reasonable explanation for her failure to prosecute. Reinstatement will not prejudice Defendant, which has not yet made an appearance in this case. Therefore, reinstatement is warranted under Rule 60(b)(1) based on the pro se Plaintiff's excusable neglect.

## II.   Motion for Default Judgment

Federal Rule of Civil Procedure 55 governs entry of default and default judgment. Rule 55(a) permits entry of default by the clerk "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Entry of default under Rule 55(a) is a necessary precondition to a motion for default judgment under Rule 55(b). Because the clerk has not entered default against Defendant, Plaintiff's Motion for Default Judgment is premature.

Further, a defendant's default is a necessary, but not sufficient, basis for entry of default judgment. There must be "a sufficient basis in the pleadings" to warrant entry of judgment. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (holding that default judgment is not automatic upon defendant's failure to appear and must be well-supported by the pleadings). The

Court is not satisfied at this juncture that Plaintiff's Original Complaint states a valid claim for relief against Defendant. Plaintiff also fails to attach an affidavit to prove her damages. Any future Motion for Default Judgment must specify the factual allegations in the Original Complaint which support her claims and must be accompanied by an affidavit or other evidence of damages.

In addition, when determining whether to enter default judgment the court will consider six factors, one of which is "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Therefore, any future motion for default judgment must provide legal support for Plaintiff's contention that service on Defendant on July 23, 2025 was procedurally proper.

Finally, any future motion for default judgment[2] must comply with Local Rule of the Southern District of Texas 5.5, which requires that "[m]otions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)."

### III. Conclusion and Recommendation

For the above reasons, the Court RECOMMENDS that Plaintiff's Motion to Reinstate (ECF 12) be GRANTED. The Court further RECOMMENDS that Plaintiff's Motion for Default Judgment (ECF 10) be DENIED without prejudice

---

[2] Plaintiff complied with LR 5.5 when filing the instant Motion to Dismiss. ECF 10 at 2.

and Plaintiff be ordered to request entry of default and file a motion for default judgment in compliance with Rule 55 and this Memorandum and Recommendation within 21 days of adoption of this Memorandum and Recommendation, if any.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on December 17, 2025, at Houston, Texas.

                                                    Christina A. Bryan
                                                  United States Magistrate Judge