United States District Court
Southern District of Texas
**ENTERED**
April 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBIN MARIE SMITH,<br>　*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 25-CV-3345 |
| FREEDOM MORTGAGE CORPORATION,<br>　*Defendant*. | §<br>§<br>§ | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se, sued Defendant for wrongful foreclosure and fraud. ECF 1. Before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order to stop execution of a writ of possession at 2:00 p.m. on April 2, 2026.[1]  ECF 25.

### I.　TRO Standards

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).  To obtain a TRO, an applicant must satisfy the following four elements: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury; (3) the threatened injury outweighs any harm the order might cause to the defendant; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000).

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 13..

## II.     Analysis

Plaintiff concedes that the state court foreclosure action proceeded after she filed this case.  ECF 25 at 2.  This Court lacks subject matter jurisdiction to enjoin execution of the state court writ.  *See Preston-Caver v. Prestige Default Servs., LLC*, No. 4:24-CV-4850, 2025 WL 492498, at *2 (S.D. Tex. Jan. 15, 2025), *report and recommendation adopted*, No. 4:24-CV-04850, 2025 WL 490487 (S.D. Tex. Feb. 13, 2025) (stating that "[f]ederal district courts have found ... that they generally lack jurisdiction to grant relief where a plaintiff seeks a temporary restraining order or injunction to prevent the pursuit of eviction proceedings, or the execution of a writ of possession" (citations omitted)); *Seaforth v. Cornerstone Home Lending, Inc.*, No. SA-25-CV-00144-XR, 2025 WL 2429053, at *2 (W.D. Tex. May 21, 2025) (holding that the federal court had no jurisdiction over a state court forcible entry and detainer action and could not enter plaintiff's request for injunctive relief);

In addition, contrary to Plaintiff's representations, the Court denied her request for entry of default and Defendant has appeared in this action by filing a Motion to Dismiss.  ECF 14; ECF 17; ECF 18; ECF 24.  Plaintiff did not file a timely response to the Moton to Dismiss.  *See* LOC. R. S.D. TEX. 7.3, 7.4.  Having reviewed the Complaint and the Motion to Dismiss, the Court concludes that Plaintiff cannot meet her burden to show a likelihood of success on the merits of her claims.  Plaintiff's contentions that Defendant wrongfully foreclosed because she was granted ownership of the property in her divorce decree and that Defendant lacked authority to foreclose under the "split-the-

2

note" theory likely lack legal merit.

### III.   Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's Motion for TRO (ECF 25) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 02, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge