United States District Court
Southern District of Texas

**ENTERED**

June 09, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBIN MARIE SMITH, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 25-CV-3345 |
| | § | |
| FREEDOM MORTGAGE CORPORATION, | § | |
| *Defendant*. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Proceeding pro se, Plaintiff for the second time has sued Defendant Freedom Mortgage Corporation for wrongful foreclosure and fraud. ECF 1; ECF 19. Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. ECF 24. The Court granted Plaintiff leave to file a late Response and the Motion is now fully briefed and ripe for determination. ECF 29; ECF 32. The Court recommends that Defendant's Motion to Dismiss be granted.[1]

### I.    Background

On February 5, 2024, prior to filing this case, Plaintiff filed a Complaint asserting wrongful foreclosure and a variety of other claims against Defendant Freedom Mortgage Corporation. *Smith v. Freedom Mortgage Corporation*, Civil Action No. 4:24-cv-0422 (ECF 1). Plaintiff's Complaint in Civil Action No. 24-0422 alleged that Plaintiff and her then-husband (Borrowers) executed a note in favor of Eagle Home

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 13.

Mortgage, LLC for $390,136 secured by a deed of trust on property located at 15514 Royal Trace, Cypress, Texas (Property) in favor of Mortgage Electronic Registration Systems, Inc. (MERS). *Id.* (ECF 42 at 1-2). Two loan modifications followed, one executed by Borrowers and one executed by Plaintiff alone. *Id.* On February 26, 2025 United States District Judge George Hanks dismissed Plaintiff's Complaint without prejudice as a "shotgun pleading that is insufficient state a claim plausible on its face." *Id.* at 5; *Id.* (ECF 43).

Although the allegations in Plaintiff's current Complaint[2] filed on July 18, 2025 are vague and confusing, it is apparent that this case involves the same note and deed of trust and the same Property as Civil Action 24-0422. Plaintiff was awarded the Property in her Divorce Decree and a Special Warranty Deed was executed by Plaintiff's ex-husband and recorded with the County Clerk for Harris County, Texas on July 8, 2019. ECF 19-1; ECF 19-2. In this case, Plaintiff asserts claims against Defendant for "wrongful foreclosure, fraud, violations of the Real Estate Settlement Procedures Act (RESPA), Fair Debt Collection Practices Act (FDCPA), breach of contract, and nondisclosure rendering the mortgage contract voidable." ECF 1 at 1. The Complaint contains factual allegations that Plaintiff was awarded sole ownership

---

[2] Plaintiff filed what she labeled an "Amended Complaint" on January 7, 2026. ECF 19. The Amended Complaint consists of two Exhibits, the Divorce Decree and the Special Warranty Deed. ECF 19-1; ECF 19-2. The Exhibits are referenced in the Complaint as Exhibit A and B but apparently were inadvertently not attached. ECF 1 at 3. Because the Exhibits are referenced in the Complaint and there are no additional factual allegations in the "Amended Complaint," the Court deems the Amended Complaint to be a Supplement that does not supersede the Complaint and considers ECF 1 and ECF 19 together as Plaintiff's operative Complaint.

of the property, Defendant improperly communicated with her ex-husband, and that as a result of the Divorce Decree and/or Special Warranty Deed transferring the Property to her, "Freedom Mortgage Corporation removed its security interest in the [P]roperty and is no longer the proper holder of the mortgage." *Id.* at 3-4. No other specific facts are alleged.

## II.    Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary

judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).  Here, the Court properly considers the Divorce Decree and Special Warranty Deed referenced in the Complaint and attached to the Supplemental Complaint.  The Court also takes judicial notice of filings in Civil Action No. 4:24-cv-0422.

## III.    Analysis

Plaintiff's Complaint is entirely void of facts to support a plausible cause of action against Defendant.  The Court addresses each claim below.

### A. Wrongful Foreclosure

The elements of a wrongful-foreclosure claim are: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."  *Vitorino v. Post Oak Crossing Council of Co-owners*, No. 01-24-00717-CV, 2026 WL 1391424, at *5 (Tex. App.—Houston [1st Dist.] May 19, 2026, n.p.h.) (identifying elements of wrongful foreclosure claim).   Plaintiff fails to allege that Defendant initiated foreclosure proceedings, the proceedings were defective, the Property sold at foreclosure for a grossly inadequate sales price, or a causal connective between the defect and the sales

4

price.  ECF 1.  In her Response, Plaintiff asserts that a foreclosure sale occurred on February 6, 2024 and attempts to correct the defects in her pleading by stating that notice was given to the wrong party, the Property was sold at auction, and the defective notice caused the inadequate price.  ECF 29 at 3.  Even if these facts had been included in Plaintiff's Complaint, they cannot save her wrongful foreclosure claim.

Plaintiff allegations, even as supplemented in her Response, are entirely conclusory.  First, Plaintiffs' Exhibits establish Plaintiff's ex-husband as a borrower on the note, so her barebones pleading does not support her claim of defective notice. Further, Plaintiff's assertion that the sale was by auction and not a competitive bidding process does not allege a grossly inadequate sales price.  *See Vinitski v. Fed. Nat'l Mortg. Ass'n*, No. CV H-14-780, 2014 WL 12600163, at *3 (S.D. Tex. Apr. 28, 2014) (a "grossly inadequate sales price" is one that is "so little as to shock a correct mind," and courts routinely find sales of 60% of fair market value to be adequate (citing cases)). In addition, Plaintiff makes only a conclusory statement without supporting facts that the defective notice caused an inadequate sales price.  Therefore, Plaintiff has not stated a plausible claim for wrongful foreclosure.

### B. Fraud

The elements of a claim for fraud under Texas law are:  (1) a material representation that was false; (2) Defendant knew the representation was false or made recklessly as a positive assertion without any knowledge of its truth; (3) Defendant intended to induce Plaintiff to act upon the representation; and (4) Plaintiff actually and

justifiably relied upon the representation and thereby suffered injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) (citation omitted). Federal Rule of Civil Procedure 9(b) requires that a Plaintiff plead fraud with "particularity," which "demands 'the who, what, when, and where [to] be laid out *before* access to the discovery process is granted." *Elson v. Black*, 56 F.4th 1002, 1009 (5th Cir. 2023) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (emphasis in original)). Plaintiff's Response adds only that Defendant misrepresented that it had a valid lien and her ownership interest by sending notices during the foreclosure process to her ex-husband. ECF 29 at 3-4. Plaintiff's Complaint, even as supplemented by the Response, fails to allege a specific false statement made by Defendant, with knowledge of its falsity, with the intent that Plaintiff rely on the statement, and on which Plaintiff relied to her detriment. *Ernst & Young,* 51 S.W.3d at 577. Plaintiff not only fails to plead a plausible claim for fraud, but she fails to plead the fraud claim with the particularity required by the Fifth Circuit. *Williams.*, 112 F.3d at 177.

### C. RESPA

RESPA, codified at 12 U.S.C. § 26012 *et. seq.*, "is a consumer protection statute to promote transparency and communication between borrowers and lenders." *Osorio v. Martin*, No. 5:25-CV-1191-DAE, 2025 WL 3771341, at *4 (W.D. Tex. Nov. 24, 2025). Section 2605 of RESPA sets forth multiple duties a mortgage servicer owes to a mortgagee. Plaintiff alleges "Defendant failed to properly process Plaintiff's loan

modification request and did not comply with federal mortgage servicing laws." ECF 1 at 7. Plaintiff fails to state the manner in which Defendant failed to properly process her loan modification request. In fact, she fails to allege in the Complaint that she even made a loan modification request. Plaintiff attempts to bolster the allegations in her Complaint by adding them to her Response, but she still fails to identify any specific RESPA provision or other "federal mortgage servicing law" with which Defendant failed to comply and in what way. ECF 29 at 4. Plaintiff's Complaint falls far short of stating a plausible claim for relief under RESPA.

### D. FDCPA

Plaintiff alleges "Defendant communicated with a third party without Plaintiff's consent, violating federal debt collection laws." ECF 1 at 7. This conclusory allegation fails to state a FDCPA claim, which requires factual allegations demonstrating: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Woodley v. Resurgent Cap. Servs.*, L.P., No. CV H-24-1587, 2024 WL 2806189, at *2 (S.D. Tex. May 31, 2024) (internal quotation marks and citation omitted). Plaintiff has alleged no facts demonstrating (1) she has been the object of debt collection activity, (2) supporting Defendant's status as a debt collector as defined in 15 U.S.C.A. § 1692a(6), or (3) showing Defendant violated any provision of the FDCPA. In her Complaint, Plaintiff contends Defendant is a debt collector but this is a misrepresentation of the law. ECF 29 at 4 (citing *Henson v.*

7

*Santander Consumer USA, Inc.*, 1327 S. Ct. 1718 (2017) for contention that Defendant is a debt collector). "The Fifth Circuit has repeatedly held that a mortgage servicing company . . . is not a 'debt collector' under the FDCPA." *Bishop Glob. Fam. Tr. v. Mackie Wolf Zientz & Mann P.C.*, No. 4:25-CV-00560, 2026 WL 549913, at *2 (S.D. Tex. Feb. 26, 2026) (citations omitted). Therefore, Plaintiff fails to state a plausible FCPA claim against Defendant.

### E. Breach of Contract

The elements of a claim for breach of contract under Texas law are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex.App.—Houston [14th Dist.] 2005, pet. denied). Plaintiff appears to have divided her breach of contract claim into two parts: voidability of contract due to non-disclosure (ECF 1 at 7, Count 5) and lack of security interest based on alleged improper loan transfers (*Id*., Count 6).

The first fatal flaw in Plaintiff's breach of contract claim is her failure to allege she performed her obligations under the loan documents. The second fatal flaw is the conclusory nature of Plaintiff's pleading. She fails to identify any material fact that Defendant failed to disclose. She fails to identify any improper loan transfer. Third, to the extent Plaintiff claims the security interest is invalid because it has been separated from the note, the so-called "split-the-note" theory, the Fifth Circuit has roundly and

recently rejected her theory as not viable under Texas law. *White v. Fifth Third Bank*, No. 25-40647, 2026 WL 1135449, at *2 (5th Cir. Apr. 27, 2026) (citing *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013)).  Finally, to the extent Plaintiff is asserting that the assignment of the deed of trust from MERS to Defendant is voidable, she does not have standing to challenge the assignment because she was not a party to the assignment. *DHI Holdings, LP v. Legacy Mortg. Asset Tr. 2018-RPLS2*, No. 14-19-00987-CV, 2021 WL 4957023, at *4 (Tex. App. —Houston [14th Dist.] Oct. 26, 2021, pet. denied); *Suniverse, LLC v. Universal Am. Mortg. Co., LLC*, No. 09-19-00090-CV, 2021 WL 632603, at *10 (Tex. App.—Beaumont Feb. 18, 2021, pet. denied) (holding that "[a] mortgagor who is not a party to an assignment or a third-party beneficiary of the assignment cannot defend against an assignee's efforts to enforce an obligation (such as foreclosure) on a ground that renders the assignment merely voidable at the election of the assignor—rather than void.").

Plaintiff argues in her Response that Texas has *not* rejected the "split the note" theory or held that a plaintiff lacks standing to challenge mortgage assignments. ECF 29 at 4. Plaintiff cites the over-150-year-old case *Carpenter v. Longan*, 83 U.S. 271, 276–77 (1872) for the proposition that the "note and mortgage are inseparable." This argument was rejected by the Fifth Circuit when it wrote that "*Carpenter* 'is inapposite [ ] because the Court was addressing Colorado Territorial law and federal common law. Neither controls our interpretation of Texas law.'" *White v. Fifth Third Bank, Nat'l Ass'n, No*. 4:23-CV-00847-SDJ-BD, 2025 WL 2591575, at *6 (E.D. Tex. Aug. 16,

9

2025), *report and recommendation adopted*, No. 4:23-CV-00847-SDJ-BD, 2025 WL 2663660 (E.D. Tex. Sept. 17, 2025) (quoting *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013)).  In sum, Plaintiff fails to state a plausible claim for breach of contract either by nondisclosure or because the assignment to Defendant is voidable.

### F.  Dismissal with Prejudice

Plaintiff's claims should be dismissed with prejudice because she has pled her best case and amendment would be futile.  *See Yan v. Taylor*, No. 24-10288, 2024 WL 4579606, at *1 (5th Cir. Oct. 25, 2024) (where amendment would be futile, there can be no abuse of discretion in denying leave); *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (denial of leave to amend is appropriate where a plaintiff has already pleaded its "best case" after having been apprised of the insufficiency of the complaint).  First, Plaintiff's Complaint in this case fails to correct the defects that led to the dismissal of her prior case, Civil Action No. 4:24-cv-0422.  Next, Plaintiff has had ample time to seek leave to amend her pleading in this case and has not done so.  Finally, Plaintiff was given leave to file a late Response to the Motion to Dismiss and the Court has considered the new allegations in the Response in determining amendment would be futile.

### IV.   Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 24) be GRANTED and this case be DISMISSED WITH

PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

 Signed on June 08, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge