United States District Court
Southern District of Texas
**ENTERED**
August 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBIN MARIE SMITH, *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 25-CV-3345 |
| | § | |
| FREEDOM MORTGAGE CORPORATION, | § | |
| *Defendant*. | § | |

**MEMORANDUM AND RECOMMENDATION**

On June 26, 2026, the District Judge adopted this Magistrate Judge's Recommendation and dismissed this case with prejudice for failure to state a claim.[1] ECF 33; ECF 34; ECF 35. As explained in the Memorandum and Recommendation, this case is the second federal lawsuit Plaintiff filed against Defendant Freedom Mortgage Corporation for wrongful foreclosure and fraud based on the same allegations.[2] ECF 33 at 1-3. Now before the Court is Plaintiff's Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59(e). ECF 36. Defendant has responded. ECF 38. The Court recommends that Plaintiff's Motion be denied.

## I. Rule 59(e) Standards

A motion under Rule 59(e) seeks to alter or amend a previous judgment entered by the court and is an "extraordinary" remedy to be used sparingly. *Hermary v. GCA*

[1] The District Judge referred this case and all post-judgment motions to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 13; ECF 37.
[2] *See Smith v. Freedom Mortgage Corporation*, Civil Action No. 4:24-cv-0422

*Services Group, Inc.*, Civil Action No. H-06-3231, 2008 WL 11481863, at *1 (S.D. Tex. 2008) (citations omitted). To prevail on a Rule 59(e) motion, the movant must show (1) a manifest error of law or fact; (2) an intervening change in controlling law; or (3) the availability of new evidence not previously available. *iiiTec Ltd. v. Weatherford Tech. Holdings, LLC*, No. CV H-19-3386, 2022 WL 138030, at *8–9 (S.D. Tex. Jan. 14, 2022) (citing *Schiller v. Physicians Resource Group, Inc*., 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Hermary*, 2008 WL 11481863, at *1 (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 963-64 (5th Cir. 2003)).

A motion under Rule 59(e) based on new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching. *Montgomery v. Wells Fargo Bank, NA*, 459 F. App'x 424, 429 (5th Cir. 2012) (quotations omitted).

## II. Analysis

Plaintiff moves to set aside the Final Judgment on grounds that "The State Judgment is VACATED and NO LONGER FINAL (ECF 36 at 2 (emphasis in original));" it was based on a "lie" by counsel that foreclosure never occurred (*Id.* at 3); and dismissal with prejudice would be manifestly unjust (*Id.* at 4). Plaintiff does not

present any new evidence or establish a manifest error of law. First, the Court's ruling was not premised on the state court case in which Plaintiff asserts her appeal was reinstated. ECF 36 at 2. Instead, the Court dismissed this case because "Plaintiff's Complaint is entirely void of facts to support a plausible cause of action against Defendant" in ***this*** action. *See* ECF 33 at 4. Further, Plaintiff's concession that the appeal was reinstated "weeks before the Court's Final Judgment" confirms that it is not newly discovered evidence or a change in the law that could not have been asserted prior to final judgment. ECF 36 at 2.

Second, Plaintiff has not shown that Defendant lied. Defendant argued, correctly, that Plaintiff failed to ***allege*** that a foreclosure had not occurred, an omission that made Plaintiff's pleading deficient. The Memorandum and Recommendation states "Plaintiff fails to allege that Defendant initiated foreclosure proceedings . . .." ECF 33 at 4. Neither of these arguments is an error of fact or law.

Third, Plaintiff has not shown manifest injustice. Plaintiff had "ample time to seek leave to amend her pleading" to correct pleading defects and failed to do so. ECF 33 at 10. The Court stands by its ruling that leave to amend would be futile.

## III. Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's Motion to Alter or Amend Judgment Pursuant to F.R.C.P. 59(e) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file

written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 13, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge