UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBIN MARIE SMITH,<br>*Plaintiff*,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:25-CV-03345 |

**MEMORANDUM AND RECOMMENDATION**

On June 26, 2026, the District Judge adopted the Magistrate Judge's Memorandum and Recommendations (ECF 33), to which no objections were filed, and entered Final Judgment dismissing this case with prejudice.[1] ECF 34. On July 23, Plaintiff filed a Motion to Alter Amend the Judgment. ECF 36. On August 28, 2026, the District Judge overruled Plaintiff's objections (ECF 40) and adopted the Court's Memorandum and Recommendation (ECF 39) denying Plaintiff's Motion to Alter or Amend the Judgment. ECF 41. On September 28, 2026, Plaintiff filed a Notice of Appeal and the instant Motion for Leave to Appeal in Forma Pauperis. ECF 42; ECF 43.

Rule 24(a) of the Federal Rules of Appellate Procedure governs Plaintiff's Motion for Leave to Proceed In Forma Pauperis (IFP):

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 13.

> (a) Leave to Proceed In Forma Pauperis.
>
> > (1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> >
> > > (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> > > (B) claims an entitlement to redress; and
> > > (C) states the issues that the party intends to present on appeal.
> >
> > (2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.
> >
> > (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> >
> > > (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> > > (B) a statute provides otherwise.

FED. R. APP. P. 2; *see also* 28 U.S.C. § 1915(a)(1) (a person seeking to appeal in forma pauperis must submit an affidavit showing inability to pay, the nature of the appeal, and the affiant's belief that she is entitled to redress). In addition, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good

faith if a party seeks appellate review on a legal point that is not frivolous. *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983).

Plaintiff was not previously granted leave to proceed in forma pauperis in the district court action and therefore this case is governed by Rule 24(a)(1) and § 1915(a)(3). Even accepting Plaintiff's affidavit as sufficient to establish her financial inability to pay fees, her belief that she is entitled to relief, and the issues she intends to pursue on appeal, it wholly fails to establish a good faith basis for appeal. Plaintiff did not file objections to the Magistrate Judge's Memorandum and Recommendation recommending dismissal and thus may only appeal that ruling for plain error. *Caudill v. City of Waco/Cameron Park Zoo*, 224 F.3d 764 (5th Cir. 2000) (citation omitted). Further, Plaintiff misconstrues the basis for the Court's dismissal for failure to state a claim and the basis for the Court's determination that amendment would be futile, including that Plaintiff had filed a prior lawsuit based on the same facts that was dismissed for failure to state a claim. *See* ECF 33 at 10. For these reasons, the Court RECOMMENDS that Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal (ECF 66) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking

the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on September 30, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge